IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| NATHAN LEE COOK | § | |
| VS. | § | CIVIL ACTION NO. 6:08cv305 |
| | | CRIM NO. 6:05cr6(1) |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that Cook's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 should be denied as time-barred.  Cook has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Cook to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections by Cook are without merit.

Among Cook's objections, he argued that he is entitled to equitable tolling due to a lack of meaningful access to court.  The Fifth Circuit has held that the one year limitations period is a statute of limitations, not a bar to federal jurisdiction, thus the limitations period can be equitably tolled.  *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  More recently, the Supreme Court discussed equitable tolling in habeas corpus proceedings in *Lawrence v. Florida*, 127 S.Ct. 1079 (2007).  Without deciding that equitable tolling is available, the Supreme Court was specific as to its requirements.  The petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* at 1085.  In *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007), the Fifth Circuit noted that the

decision was in accord with its case law holding that equitable tolling is available only "'in rare and exceptional circumstances' where it is necessary to 'preserve a plaintiff's claim when strict application of the statute of limitations would be inequitable.'" In the present case, Cook has not shown that he was diligent in pursuing his rights. Indeed, he filed the present motion twenty months too late. Also, complaints about the adequacy of a law library is not an extraordinary circumstance warranting equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the that Cook's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 21st day of August, 2008.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**